Robert LAWSON, Plaintiff–Appellee, Cross–Appellant,

v.

Richard L. DUGGER, etc., et al., Defendants–Appellants, Cross–Appellees.

No. 86–5774.

United States Court of Appeals, Eleventh Circuit.

March 3, 1988.

Carl J. Zahner, Jason Vail, Asst. Attys. Gen., Dept. of Legal Affairs, State of Fla., Tallahassee, Fla., defendants-appellants, cross-appellees.

in this decision.

Peter M. Siegel, Florida Justice Institute, Inc., Miami, Fla., for plaintiff-appellee, cross-appellant.

Before JOHNSON and ANDERSON, Circuit Judges, and ATKINS *, Senior District Judge.

## ON PETITION FOR REHEARING

PER CURIAM:

The appellants' petition for rehearing obviously failed to understand that this appeal does not solely address "prisoners' rights." Consequently, *Turner v. Safley*, —— U.S. ——, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), and *O'Lone v. Estate of Shabazz*, —— U.S. ——, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987), do not govern the present appeal. *Turner* and *O'Lone* addressed the standard of review in cases involving prisoners' rights. The present appeal, as was the case with *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), concerns more than prisoners' rights; it also concerns the First Amendment rights of the Temple of Love.

*Martinez* expressly reserved the proper standard of review to apply in cases involving questions of "prisoners' rights." In *Turner*, the Supreme Court definitively provided the proper standard of review: "[W]hen a prison regulation impinges on *inmates'* constitutional rights, the regulation is valid if it is *reasonably related to legitimate penological interests.*" 107 S.Ct. at 2261 (emphasis added). *O'Lone* simply applied this lenient standard to *prisoners'* free exercise claims.

This more lenient standard of review does not apply to the present appeal because the constitutional rights of nonprisoners are at issue. Post–*Martinez* Supreme Court precedent does not suggest otherwise. Indeed, even *Turner* recognized the dichotomy in standards of review depending upon whose rights are at issue:

[W]e note initially that the regulation prohibits marriages between inmates and civilians, as well as marriages between inmates. Although not urged by respondents, this implication of the interests of nonprisoners may support application of the *Martinez* standard, because the regulation may entail a "consequential restriction on the [constitutional] rights of those who are not prisoners."

107 S.Ct. at 2265–66 (quoting *Martinez*, 416 U.S. at 409, 94 S.Ct. at 1809 (citation omitted)).

In addition, the D.C. Circuit's post–*Turner* decision in *Abbott v. Meese*, 824 F.2d 1166 (D.C.Cir.1987), supports the conclusion that *Martinez*, rather than *Turner*, provides the governing standard here. In *Abbott*, the D.C. Circuit noted: "Although in *Turner*, the Court rejected application of the stricter *Martinez* standard to regulation of correspondence *between inmates*, we conclude that it did not overrule or restrict *Martinez* as applied to situations where the First Amendment rights of *non-inmates* are involved." *Id.* at 1170 n. 1 (emphasis added). *See also Sturm v. Clark*, 835 F.2d 1009, 1013–14 (3d Cir.1987) (*Martinez*, rather than *Turner*, provided governing standard of review for attorney's First Amendment claim regarding access to prisoners).

In conclusion, we properly selected *Martinez* as the controlling standard and properly applied the *Martinez* standard in the present case. Consequently, the appellants' petition for rehearing is DENIED. We DIRECT the Clerk of the Court to incorporate our explanation associated with this denial of the appellants' petition for rehearing as part of the panel opinion in this case.

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.